

2004 Decisions

**Opinions of the United
States Court of Appeals
for the Third Circuit**

10-27-2004

# Spectracom Inc v. Tyco Intl Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3845

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Spectracom Inc v. Tyco Intl Inc" (2004). *2004 Decisions.* Paper 194.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/194

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3845

SPECTRACOM, INC., on behalf of itself and
all others similarly situated,
                                                        Appellant

v.

TYCO INTERNATIONAL, INC.; ADT SECURITY SERVICES, INC.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 03-cv-00686
District Judge:  The Honorable Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
September 30, 2004

Before: ROTH, BARRY, and CHERTOFF, Circuit Judges

(Opinion Filed:  October 27, 2004)

OPINION

BARRY, Circuit Judge

This appeal involves the issue of the proper venue for an action by plaintiff

Spectracom, Inc. ("Spectracom") against defendants ADT Security Services, Inc.

("ADT") and Tyco International, Inc. ("Tyco"). The District Court dismissed the action so that plaintiff may refile its claims in a state court in Colorado. Plaintiff appeals. We will affirm.

## I.

Because we write only for the parties in this matter, we will dispense with a full recitation of the facts and limit our discussion only to those facts necessary to reach our decision. Spectracom and ADT entered into a written contract, an "Authorized Dealer Agreement," under which Spectracom sold ADT security systems to customers and assigned the homeowner contracts exclusively to ADT for a fee. The Authorized Dealer Agreement contained the following forum selection clause:

> Applicable Law, Jurisdiction and Venue. This Agreement shall be construed and enforced in accordance with the laws of the state of Colorado applicable to agreements wholly executed and wholly performed therein. Any action or proceeding brought by either party against the other arising out of or relating to this agreement shall only be brought in a court of competent jurisdiction located in Arapaho County, Colorado.

Spectracom initially brought this action against defendants in the Superior Court of New Jersey alleging, *inter alia*, that: (1) Tyco, the parent company of ADT, intentionally interfered with the contract between Spectracom and ADT by inducing ADT to breach its contract with authorized dealers; and (2) ADT breached the contract. On February 12, 2003, defendants removed the case to the United States District Court for the District of New Jersey under 28 U.S.C. § 1446 based on diversity jurisdiction. According to the Joint Discovery Plan, on March 4, 2003, a scheduling meeting was held during which:

2

> counsel for Defendants advised counsel for Plaintiff of their intent to file . . . at the time their response to such amended complaint is due, a motion to transfer venue to the United States District Court for the District Court of Colorado pursuant to 28 U.S.C. § 1404 or alternatively to dismiss the case pursuant to, *inter alia*, 28 U.S.C. § 1406 for improper venue. Accordingly, and as counsel for Defendants advised counsel for Plaintiff at the March 4, 2003 scheduling meeting, nothing herein, including but not limited to Defendants' participation in the March 4, 2003 scheduling meeting, participation in this joint submission to the Court, participation in the April 1, 2003 scheduling conference before the Court, agreement to respond to discovery propounded by Plaintiff, or any other action, is intended to, or should be construed as, a waiver of Defendants' position that this action should either be transferred to the United States District Court for the District of Colorado or dismissed in favor of being refiled, if at all, in Colorado. (SA 130-131).

On March 25, 2003, Spectracom filed an amended complaint in which it added RICO claims against Tyco.

Defendants then filed a notice of intent to submit a motion to transfer the case to the District Court of Colorado. In a footnote in their brief in support of the motion, defendants alternatively requested a dismissal of the case in favor of a Colorado state forum should the District Court find that the forum selection clause mandates a Colorado state forum.[1]

The District Court heard oral argument, during which defendants' counsel again indicated that "if a transfer is inappropriate, then a motion to dismiss under 12(b)(6)

---

[1]Defendants also indicated the following in their reply memorandum in support of the motion to transfer: "WHEREFORE, for the reasons set forth above, Defendants respectfully request that the Court transfer this case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a) or, *alternatively, dismiss it in favor of a Colorado forum*." (SA 124) (emphasis added).

3

would be the appropriate vehicle." (A10). The District Court dismissed the action, finding that (1) the forum selection clause precluded litigation in any federal forum;[2] and (2) defendants did not waive their right to enforce the forum selection clause. Spectracom filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

On appeal, Spectracom does not challenge the District Court's finding that under the forum selection clause, this case may only be litigated in a state court in Arapaho County, Colorado. Instead, Spectracom contends that the District Court erred in finding that defendants' actions did not constitute a waiver of their right to enforce the forum selection clause. According to Spectracom, defendants waived their right by (1) removing the case from the Superior Court of New Jersey (an improper forum), to the District Court for the District of New Jersey (another improper forum); and (2) making a motion to transfer the case to a federal court in Colorado (another improper forum).

Defendants' actions did not constitute a waiver. Preliminarily, we note, as the District Court noted, that the cases cited by Spectracom do not address whether a defendant waives a forum selection clause by removing a case from an improper forum to another improper forum. Rather, the cases merely indicate that, under a forum selection

---

[2]That clause provided that an action "shall only be brought in a court of competent jurisdiction located in Arapaho County, Colorado." The District Court concluded that because there was no federal court sitting in Arapaho County, the clause referred only to the state court in Arapaho County.

4

clause, a defendant may waive its right to remove a case from a proper forum.  See, e.g.,

Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1216-17 (3d Cir. 1991) (the right to

remove may be waived under a forum selection clause); Karl Koch Erecting Co. v. New

York Convention Ctr. Dev. Corp., 838 F.2d 656, 659 (2d Cir. 1988) (by entering into a

forum selection clause that provided that no action shall commence except in the New

York State Supreme Court, defendant waived its right of removal to federal court).

As the First Circuit observed in Lambert v. Kysar, the filing of a removal petition

in a diversity action does not constitute a waiver.  983 F.2d 1110, 1113, n.2 (1st Cir.

1993) ("It is well settled that the filing of a removal petition in a diversity action, without

more, does not waive the right to object in federal court to the state court venue.").  We

agree.  Moreover, the record supports the District Court's finding that defendants did not

waive their right to enforce the forum selection clause.  Indeed, the District Court

observed that it had not been shown that defendants "have been anything other than

forthright in their intentions in seeking dismissal or transfer."  Op. at 34.  The Joint

Discovery Plan, which was signed by both parties, specifically indicated that "nothing

herein . . . is intended to, or should be construed as, a waiver of Defendants' position that

this action should either be transferred to the United States District Court for the District

of Colorado or dismissed in favor of being refiled, if at all, in Colorado."[3]  In addition,

_____

[3]The Joint Discovery Plan is found at pp. 128-31 of the Supplemental Appendix appellees have sought leave to file.  We will grant that motion only as to pp. 128-31.

5

defendants stated during oral argument, and in their memorandum of law to the District Court, that if a transfer was inappropriate, the case should be dismissed in favor of a Colorado state court. Cf. Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001) ("Transfer is not available, however, when a forum selection clause specifies a non-federal forum. In that case, it seems the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice."). Accordingly, defendants did not waive their right to enforce the forum selection clause, and the dismissal of the action was proper.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.[4]

---

[4]Implicit in this conclusion is the fact that we have considered and rejected plaintiff's motion to dismiss for mootness. Even if the cases at issue were duplicative, and we do not reach that issue, the filing of a duplicative action in another forum does not moot the first action.

6